## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ASHLEY, GRANT L.

          Plaintiff,

v.

UNIVERSITY OF OKLAHOMA,         Case No. CIV-16-443-M

          Defendant.

## THE UNIVERSITY'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Defendant, the State of Oklahoma *ex rel*. Board of Regents of the University of Oklahoma (improperly named as "University of Oklahoma") (hereinafter in this Motion, the "University"), respectfully requests the Court dismiss Plaintiff Grant L. Ashley's Amended Complaint [Doc. No. 8] pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, a *pro se* litigant, filed his Complaint on April 29, 2016, [Doc. No. 1] and served the University with the Complaint on May 19, 2016 [Doc. No. 7]. Thereafter, Plaintiff filed an Amended Complaint on June 2, 2016, and served the University on June 6, 2016 [Doc. No. 11].  It is unclear from the face of the Amended Complaint what specific cause(s) of action Plaintiff is asserting against the University. Construing the Amended Complaint liberally, it appears Plaintiff is alleging a claim of (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) retaliation in violation of Title VII, and is seeking monetary damages against the University under these theories of relief.

## ARGUMENTS & AUTHORITIES

Plaintiff fails to state a claim for relief under either theory alleged. Further, Plaintiff fails to plead the jurisdictional prerequisite of exhausting his administrative remedies, nor does he plead timely commencement of his action. In his Amended Complaint, Plaintiff names several individuals as "Defendants." [Doc. No. 8]. To the extent he is alleging claims against these individuals, those claims should be dismissed because the individuals have not been properly served. Last, to the extent Plaintiff is seeking punitive damages, Plaintiff cannot recover such damages against the University.

## I. PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION AND RETALIATION SHOULD BE DISMISSED.

The Supreme Court's standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making a 12(b)(6) determination, the Court should "look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 12010, 1215 (10th Cir. 2007) (quotations omitted). The specific allegations in the Amended Complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F.3d at 1215, n. 2; and *see Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Even *pro se* litigants, such as Plaintiff, must support their allegations with well-pleaded factual contentions, not just conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and plaintiff must provide

such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

Conclusory allegations that lack supporting factual averments are insufficient to state a claim on which relief can be based. *See Hall v. Bellmon*, 935 F.2d 1006, 1110 (10th Cir. 1991) (citations omitted). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations. *Id*. Because Plaintiff's Amended Complaint is facially insufficient for multiple reasons, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

**A.    *Plaintiff failed to plead facts sufficient to state a claim of race discrimination or retaliation under Title VII.***

"To determine whether a Title VII violation has occurred we must inquire 'whether the defendant intentionally discriminated against the plaintiff." *Mobley v. Dillon Co. Inc.*, No. 97-1411, 1998 WL 314589 at *2 (10th Cir. May 29, 1998) (citations omitted). A claim of discriminatory treatment cannot be based upon "surmise and conjecture." *Alires v. Amoco Prod. Co.*, 774 F.2d 409, 411 (10th Cir. 1985). The Amended Complaint must contain enough facts to raise a plausible inference that the alleged disparate treatment was a product of discriminatory intent; speculation thereof is insufficient. *See Twombly*, *supra* and 42 U.S.C. § 2000e-2(k)(3); *see also Texas Dep't. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *E.E.O.C. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).

"[A] plaintiff's personal beliefs are insufficient to state a Title VII claim," and the lack of facts establishing "the alleged illegal actions were taken due to. . . race or gender" are fatal to his claim. *Mobley*, 1998 WL 314589 at *2. Simply stating the defendants acted

a certain way "because of" the plaintiff's race is not enough to pass muster under Fed. R. Civ. P. 12(b)(6). *See Aschroft v. Iqbal*, 556 U.S. 662, 681 (2009). In *Mobley*, the Tenth Circuit Court of Appeals affirmed the district court's dismissal of the *pro se* plaintiff's Title VII race discrimination claims under Fed. R. Civ. P. 12(b)(6). 1998 WL 314589, at *3. The plaintiff pled her employer denied her long term leave and a white manager cut her hours. *Id*. The Tenth Circuit concluded these allegations, in addition to the other facts within the plaintiff's complaint, did not establish that any of the alleged illegal actions were taken due to the plaintiff's race. *Id*.

This is exactly the case here. Plaintiff includes general statements in support of his claim of racially motivated discrimination leading to his termination from the University. He states the University made racially hostile comments and engaged in other discriminatory behavior, including: exclusion from mandatory over-time hours offered fellow employees; reassignment of normal work station; vandalism of personal property; unannounced work site inspections; the prolonging of time-sensitive documents required by Plaintiff to receive reduced tuition; and termination of his employment. [Doc. No. 8].

However, Plaintiff fails to set forth the causal connection to show that race was the motivating factor in leading to any of the above alleged adverse actions, nor does he plead any other elements of his factually deficient race discrimination claim. He does not plead whether he was qualified for the job at issue. He also fails to allege with any specificity what "racially hostile comments" were made by the University or how many times this occurred. Rather, Plaintiff simply believes, generally, that race was the impetus behind any of the University's actions and sets forth impermissible conclusory allegations against the

University. As the Tenth Circuit has stated, personal beliefs and general statements are not enough to show that any of these actions were taken due to Plaintiff's race. *See Mobley*, 1998 WL 314589, at *2.

Plaintiff's "facts" in support of his retaliation claim are: (1) he submitted several formal complaints to the relevant personnel in his department; and (2) shortly thereafter, Plaintiff began experiencing "negative retaliatory occurrences" along with a racially unfriendly work environment. [Doc. No. 8]. Nowhere in Plaintiff's allegations is it clear how much time passed between his complaint to his department and any alleged adverse action by the University. There is no nexus between the person(s) to whom Plaintiff complained and the person(s) who instigated any of the alleged adverse actions. There is nothing but sheer speculation to link Plaintiff's termination to a retaliatory motive. The Amended Complaint is devoid of any well-pleaded factual averments of wrongdoing by the University. Plaintiff's claims are based solely on the fact that he is black, that he allegedly complained about the discrimination, and that the University terminated his employment. Without more, his retaliation claim is not plausible under the *Twombly/Iqbal* standard.

Plaintiff fails to allege even the barest elements of either a race discrimination claim or retaliation claim under Title VII. The Court should disregard the conclusory allegations in Plaintiff's Amended Complaint. A plaintiff is required to assert factual allegations sufficient to "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Containing only conclusions of law and personal opinions not warranted by any asserted facts, the scant allegations of the

Amended Complaint have no efficacy. *See Ashcroft*, 556 U.S. at 677. Because Plaintiff

fails under either theory to state a claim to relief that is plausible on its face, the Amended

Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

**B.**     ***Plaintiff failed to plead timely exhaustion of administrative remedies.***

"It is well-established that Title VII requires a plaintiff to exhaust his or her

administrative remedies before filing suit." *Shikles v. Sprint/United Mgmt. Co*., 426 F.3d

1304, 1317 (10th Cir. 2005) (citations omitted). "[T]he exhaustion requirement is a

jurisdictional prerequisite to suit under Title VII." *Bertsch v. Overstock.com*, 684 F.3d

1023, 1030 (10th Cir. 2012) (citation omitted). In order to maintain his claims, Plaintiff

was required to file a charge of discrimination with the EEOC within 300 days of the

alleged unlawful acts of discrimination and retaliation. *See* 42 U.S.C. § 2000e-5(e)(1);

*Smith v. Oral Roberts Evangelistic Assoc., Inc*., 731 F.2d 684, 687 (10th Cir. 1984); and

*Duncan v. Manager, Dep't. of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1314 (10th

Cir. 2005) ("A Title VII plaintiff must 'exhaust administrative remedies for each individual

discriminatory or retaliatory act.'"). A claim is time-barred if not filed within these time

limits. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In the case at

bar, any act of discrimination had to have occurred within the 300 days preceding an EEOC

filing, or the action is untimely and, consequently, time-barred.

Nowhere in Plaintiff's Amended Complaint does he mention filing a charge of

discrimination. Nor does he attest that any charge of discrimination was filed within 300

days of the offending activity or even allege a more generic statement that it was "timely." As such, Plaintiff fails to properly plead exhaustion of his administrative remedies.

### C.   *Plaintiff failed to plead timely commencement of his action.*

In order to maintain his claims against the University, Plaintiff was required to commence a civil action within ninety (90) days of receiving the Dismissal and Notice of Rights from the EEOC. "Compliance with the filing requirements of § 2000e-16(c)…is a condition precedent to suit that functions like a statute of limitations…." *Mosley v. Pena*, 100 F.3d 115, 1518 (10th Cir. 1996) (affirming judgment on untimely filed claim); and *Scott v. Boeing Co.*, 48 Fed. Appx. 730, 731 (10th Cir. 2002) (unpublished disposition). Clear from the face of the Amended Complaint is the file-stamped date of June 2, 2016. [Doc. No. 8].   Plaintiff filed his original Complaint on April 29, 2016. [Doc. No. 1]. Plaintiff does not indicate in either his original Complaint or his Amended Complaint when the Notice of Right to Sue was issued. Thus, Plaintiff has entirely failed to plead facts sufficient to show he timely filed this action. From the face of the Amended Complaint, Plaintiff's claims are untimely brought and must be dismissed.

## II.   TO THE EXTENT PLAINTIFF IS NAMING ANY INDIVIDUAL DEFENDANTS, PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR IMPROPER SERVICE.

In his Amended Complaint, Plaintiff names Brian Ellis, Sue-Anna Miller, Matthew Rom, Pam Mitchell, Devin Bartlett, and Chellé Guttery as "Defendants" and employees and representatives of the University [Doc. No. 8]. Throughout his allegations, Plaintiff states that these individuals, cumulatively as the "Defendants," discriminated and retaliated

against him. However, to the extent Plaintiff is seeking redress against these individuals, he cannot do so.

Plaintiff has failed to properly effect service on these individuals. Plaintiff names only "University of Oklahoma" as a defendant in the caption of his lawsuit and does not name any of the aforementioned people in their individual capacities. [Doc. No. 8]. Further, Plaintiff has served only the University thus far. [Doc. Nos. 7, 11]. No summonses have been issued as to the individuals. To the extent Plaintiff is naming the individuals in their individual capacities[1], Plaintiff's claims should be dismissed for failure to properly serve them under Fed. R. Civ. P. 4(e).

## III.  TO THE EXTENT PLAINTIFF IS SEEKING PUNITIVE DAMAGES AGAINST THE UNIVERSITY, SUCH DAMAGES ARE STATUTORILY BARRED.

It is unclear from the face of the Amended Complaint whether Plaintiff is seeking punitive damages against the University. To the extent he is, such damages are specifically excluded as an available remedy for Plaintiff's claims against the University, a State government entity. *See*, *e.g.*, *Cross v. New York City Transit Auth.*, 417 F.3d 241, 256-57 (2d Cir. 2005) ("Notably, government entities are exempted from the punitive damages provision of Title VII."); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) ("Congress .

---

[1] Moreover, these individuals, as University employees acting within the scope of their employment, are entitled to the protections of both qualified and sovereign immunity. *See*, *e.g.*, *Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998); *Carswell v. Okla. State Univ.*, 995 P.2d 1118, 1123 (Okla. 1999).

. . exempted all government agencies from the Act's punitive damage provision, with no articulated exceptions.").

WHEREFORE, the University respectfully requests the Court dismiss Plaintiff's Amended Complaint in its entirety for the reasons set forth above and grant all such other relief as the Court deems necessary and proper.

Respectfully submitted,

s/Gauri D. Nautiyal
Heidi J. Long, OBA #17667
Gauri D. Nautiyal, OBA #31669
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
hlong@ou.edu
gdn@ou.edu

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2016, I filed the attached with the Clerk of Court and served the attached document on June 3, 2016, by U.S. mail on the following who is not a registered participant of the Electronic Case Filing system:

Grant Louis Ashley
708 E. Gray St.
Norman, OK 73071

*Plaintiff Pro Se*

/s/ Gauri D. Nautiyal
Gauri D. Nautiyal